*Filed in open Court*
*FmT 9/13/0:*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 05-40-SLR |
| | ) | |
| TIMOTHY CANNON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Richard

G. Andrews, First Assistant United States Attorney for the District of Delaware, and the defendant,

Timothy Cannon, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby

entered into by the respective parties:

1.    The defendant shall plead guilty in the United States District Court for the District of Delaware

to Count One of the Indictment, which charges him with being a prohibited person in possession of a gun,

in violation of 18 U.S.C. § 922(g)(1), which carries a maximum sentence of a term of imprisonment of ten

years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2.    The defendant understands that if there were a trial, the Government would have to prove three

elements of the offense -- (1) that on or about March 25, 2005, he knowingly possessed a firearm; (2) that

at the time he had previously been convicted of a crime punishable by more than one year's imprisonment;

and (3) that the firearm affected interstate commerce, that is, that it had previously crossed state lines.

3.    The defendant abandons any right, title and interest that he may have in the following firearms and ammunition: a Bryco Arms .32 caliber handgun, serial no. 291208, and an Intratec Arms .22 caliber handgun, serial no. 097164, and the ammunition contained therein, the firearms and ammunition having been seized by Delaware State Police Officers on about March 25, 2005; agrees to execute all documents requested by the Government to effect his abandonment; and agrees that the Bureau of Alcohol, Tobacco, Firearms and Explosives and/or Delaware State Police Department may dispose of the firearms and ammunition in whatever manner it deems appropriate.

4.    The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. He understands that the final determination of the sentencing guidelines will be up to the sentencing judge. The United States represents to the defendant that based on the information available, the United States believes that his offense level (before acceptance of responsibility) should be 16, see SG § 2K2.1(a)(6) (base offense of 14) and SG §2K2.1(b)(4) (one of the firearms was stolen), and that it will move for a three-level reduction for acceptance of responsibility based on the defendant's conduct to date. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

5.    The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered



program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6.    The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

7.    At or about the time of sentencing, the United States will move to dismiss Count Two of the indictment.

8.    It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

Eleni Kousoulis, Esquire
Attorney for Defendant

By: _____
Richard G. Andrews
First Assistant United States Attorney

Timothy Cannon
Defendant

Dated: 9/13/05

AND NOW, this 13th day of September, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

Honorable Sue L. Robinson
Chief United States District Judge

3