AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

_____  District of  _____Delaware_____

UNITED STATES OF AMERICA

v.

Timothy Cannon
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR05-40-SLR

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ____ clear and convincing evidence ____ a preponderance of the evidence : The court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community based on the following:

1. The evidence against defendant is strong which includes his sister reporting that defendant had taken a gun from her which defendant admitted he did as payment on a loan. After allowing the search of his apartment, not only was the sister's weapon found, but another handgun as well.
2. Past criminal history is significant which includes a conviction for carrying a concealed weapon. In May 2000, defendant was convicted of the following charges: CCDW, possession of cocaine, 2 charges of possession of drug paraphernalia, possession of marijuana. He was found in violation of probation on these convictions in December 2001 which required him to compete the Key program. He was again found in violation of probation in December 2003 which required him to undergo residential treatment in the Crest program. eventually defendant was terminated from probation and discharged as unimproved in August 2004. According to his probation records, defendant has a regular history of failing to report, abiding by home confinement and removing his ankle bracelet -- use of EM did not stop defendant's continued criminal activities. In March 2001 defendant was convicted of conspiracy 3rd (reduced from conspiracy 2nd). For this offense he was found in violation of probation in August 2001, December 2001 and December 2003 at which time he was discharged as unimproved. He was convicted of possession of marijuana in October 2001 and found in violation of probation in December 2001 for which he was discharged as unimproved. While on probation he also had numerous curfew violations. Defendant's past criminal history reveals that he is a complete failure on any type of supervision and is not amenable to such an arrangement. There is nothing to indicate that defendant would abide by any conditions of bail.
3. As evidenced by the above, defendant has a long history of drug abuse which has not improved despite intense residential treatment and intense probation._____

FILED

MAY 2 5 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

_____

_____
_____
_____
_____
_____

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____May 25, 2005_____        _____
Date                                  *Signature of Judicial Officer*
                                      Mary Pat Thynge, Magistrate Judge
                                      *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).